# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMA & PETROS, DDS, INC.; OMEED TOMA, DDS, an individual; and DAHFIR PETROS, DDS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE HARTFORD; THE HARTFORD FINANCIAL SERVICES GROUP, INC.; SENTINEL INSURANCE CO., LTD; and WENDY CERVANTES, an individual,<br><br>Defendants. | Case No.: 17cv1029-MMA (NLS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>[Doc. No. 4] |

Plaintiffs Toma & Petros, DDS, Inc. ("Toma & Petros"), Dr. Omeed Toma, and Dr. Dahfir Petros (collectively "Plaintiffs") commenced the instant action against The Hartford, The Hartford Financial Services Group, Inc. ("HFSG"), Sentinel Insurance Co., Ltd. ("Sentinel Insurance"), and Wendy Cervantes ("Cervantes," collectively "Defendants") in the Superior Court of California, County of San Diego. *See* Doc. No. 1. On May 17, 2017, Defendants removed the action to this Court based on diversity jurisdiction. *See id.* On June 7, 2017, Plaintiffs filed a motion to remand the action back to state court, arguing the parties are not diverse. *See* Doc. No. 4. Defendants filed an opposition to Plaintiffs' motion, to which Plaintiffs replied. *See* Doc. Nos. 6, 10.

Additionally, Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 19, 2017. *See* Doc. No. 3. Plaintiffs filed an opposition, to which Defendants replied. *See* Doc. Nos. 7, 9. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to remand.

## BACKGROUND

This lawsuit arises out of an insurance coverage dispute between the parties regarding a water damage loss that occurred in April 2015 at Plaintiffs' dental office in San Diego, California. Complaint ¶ 12.

Plaintiff Toma & Petros is a corporation incorporated in the State of California. Complaint ¶ 1. Toma & Petros is "engaged in the business of dentistry within the County of San Diego, in the State of California." *Id.* Individual plaintiffs Omeed Toma and Dahfir Petros, who are both dentists, are "citizens of the State of California, residing within the County of San Diego." *Id.* ¶ 2. Defendant The Hartford is not a legal entity, but rather is a service mark owned by Hartford Fire Insurance Company. *See* Doc. No. 1 at 9. Defendant HFSG is a publicly traded holding company that is incorporated under the laws of Delaware, and has its principal place of business in Connecticut. *See id.* Defendant Sentinel Insurance is incorporated under the laws of Connecticut, and has its principal place of business in Connecticut. *See id.* Defendant Wendy Cervantes is a property large loss adjuster for Sentinel Insurance who participated in the adjustment of Plaintiffs' water damage claim. *See* Doc. No. 1. Cervantes is a citizen and resident of the State of California. *See id.*

Defendant Sentinel Insurance issued a business owners insurance policy (the "policy") to Toma & Petros, which was in effect from August 1, 2014 to August 1, 2015. Complaint ¶ 9; *See* Doc. No. 6 at 2. The policy covered the business personal property, including damage caused by water or flooding, at the dental office located at 3530 Camino Del Rio, Suite 109, San Diego, California. Complaint ¶ 10; *See* Doc. No. 6 at 2.

In April 2015, Plaintiffs' dental office flooded. Complaint ¶ 12. Toma & Petros submitted a water damage claim to Sentinel Insurance. *See* Doc. No. 1 at 4. Plaintiffs generally allege Defendants "engaged in a course of conduct that appears intended to secure a profit by depriving the plaintiffs of the value of a claim worth many times the amount ultimately paid for the claim." Complaint ¶ 12. Plaintiffs further allege Defendants "appear to have attempted to unfairly and maliciously exert pressure to force the plaintiffs to abandon their legitimate claims." *Id.* ¶ 12. Moreover, Defendants "repeatedly threatened that, if the dentists contested the amount they were being paid, defendants would seek to get back approximately $34,000 from amounts previously paid." *Id.* ¶ 18. Finally, Plaintiffs allege Defendants initiated a "fraud investigation against the public adjuster, and presumably the respected dentists, which predictably caused a great deal of conflict and distress." *Id.* ¶ 21. Plaintiffs claim this fraud investigation was "designed to frighten the public adjuster off the case and to generally frighten and cause emotional distress to the dentists." *Id.* ¶ 21.

On April 3, 2017, Plaintiffs filed suit in the Superior Court of California, County of San Diego. *See* Complaint. Plaintiffs allege causes of action for: (1) declaratory relief; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) intentional infliction of emotional distress ("IIED").[1] *See id.*

## DISCUSSION

### I. Defendants' Request for Judicial Notice and Plaintiffs' Objections

As an initial matter, Defendants request the Court take judicial notice of six documents in support of their notice of removal (Exhibits A-F). *See* Doc. No. 1-2. Specifically, Defendants request the Court take judicial notice of: (1) the summons and complaint of the instant action filed in the Superior Court of California, County of San

---

[1] The corporate plaintiff, Toma & Petros, asserts the first three causes of action against The Hartford, HFSG, and Sentinel Insurance. *See* Complaint. Only the individual plaintiffs Drs. Toma and Petros bring an IIED claim. *See* Complaint. It is the individual plaintiffs' IIED claim against Cervantes that is the subject of the instant motion to remand.

Diego, Case No. 37-2017-00011984-CU-BT-CTL (Exhibit A); (2) Plaintiffs' interrogatories to Sentinel Insurance (Exhibit B); (3) the summons and certified envelope enclosing summons and complaint served on HFSG (Exhibit C); (4) Sentinel Insurance's Statement and Designation by Foreign Corporation filed with the California Secretary of State on March 17, 2009 (Exhibit D); (5) U.S. Trademark Registration Certificate for the service mark "The Hartford," on file with the U.S. Patent and Trademark Office (Exhibit E); and (6) an excerpt of HFSG's Form 10-K Annual Report on file with the United States Securities and Exchange Commission (Exhibit F). Plaintiffs object and move to strike Exhibits B-F, arguing such exhibits may not be offered for the truth of their contents. *See* Doc. No. 4-3.

Generally, a court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Mack v. South Bay Beer Distributors,* 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956)). While a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). For example, "when a court takes notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690.

Here, the Court need not take judicial notice of the complaint filed in this action in state court. As such, the Court **DENIES AS MOOT** Defendants' request for judicial notice as to Exhibit A. Regarding Exhibits B-F, the Court finds that the authenticity of each document is not subject to reasonable dispute, and that many of the exhibits are matters of public record. *See* Fed. R. Evid. 201(b). Additionally, in ruling on a motion to

remand, the Court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Johnson v. Sunrise Senior Living*, 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) ("In ruling on a motion to remand courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence."). Accordingly, the Court **GRANTS** Defendants' request for judicial notice as to Exhibits B-F. Thus, the Court **OVERRULES** Plaintiffs' objections and declines to strike such documents.

Plaintiffs further object and move to strike Cervantes' declaration and exhibits filed in support of Defendants' opposition to Plaintiffs' motion to remand (Doc. No. 6-1). *See* Doc. No. 10-2. Plaintiffs argue "[t]he facts in the declaration and the exhibits thereto are simply not properly considered in relation to a motion to remand so they are not relevant." *See id.* at 1 (citing Fed. R. Evid. 402). Because the Court may look beyond the pleadings when ruling on a motion to remand, the Court **OVERRULES** Plaintiffs' objections and declines to strike the Cervantes declaration and supporting exhibits.

## II.   Motion to Remand

Plaintiffs argue that the Court should remand this action to state court because Cervantes is not diverse from Drs. Toma and Petros. *See* Doc. No. 4 at 1. In opposition, Defendants assert Cervantes "has been fraudulently joined as a defendant and plaintiffs' motion to remand should be denied." Doc. No. 6 at 2.

### a. Legal Standard

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between

citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

Title 28 of the United States Code, section 1441(a), provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for a "sham" defendant. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "'Fraudulent joinder is a term of art' and does not implicate a plaintiff's subjective intent." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016) (citing *McCabe v. Gen Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (internal quotation marks and citations omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). District courts may also consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.").

The statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The party seeking removal bears a heavy

burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044 (internal quotation marks and citation omitted). Additionally, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (internal quotation marks and citation omitted). Where there is a doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." *Albi*, 140 F.2d at 312.

### b. Analysis

#### i. Standing

As an initial matter, Defendants assert individual plaintiffs Drs. Toma and Petros "have no standing to assert a cause of action for IIED against Cervantes" because the individual plaintiffs are not named as insureds on the policy—rather, Sentinel Insurance only issued the policy to Toma & Petros, DDS, Inc. Doc. No. 6 at 13. The individual plaintiffs, however, argue they are not pursuing claims for breach of contract or bad faith against Cervantes. Rather, Drs. Toma and Petros are only pursuing an IIED claim against Cervantes for injuries they suffered. *See* Doc. No. 10 at 7. Thus, the individual plaintiffs assert they do not need to be named as insureds under the policy in order to bring a claim for IIED.[2] *See id.*

California courts have held that insurance plans' and adjusters' "conduct in handling a claim may result in liability for intentional infliction of emotional distress." *Bock v. Hansen*, 225 Cal. App. 4th 452, 473 (Cal. Ct. App. 2007), *as modified on denial of reh'g* (Jan. 22, 2008); *see also Hernandez v. Gen. Adjustment Bureau*, 199 Cal. App. 3d 999, 1007 (Cal. Ct. App. 1988) (holding the claimant stated a claim for intentional

---

[2] Additionally, Plaintiffs argue in their reply brief that Cervantes "could also be held liable for being part of the alleged conspiracy" to defraud the insured. Doc. No. 10 at 7. The Court does not consider this argument, as Plaintiffs improperly raise this issue for the first time in their reply brief. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief).

infliction of emotional distress against the insurance adjuster for intentionally delaying payment of benefits); *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376 (Cal. Ct. App. 1970) (affirming damages awards in action by insured against disability insurer and one of its officers for intentional infliction of emotional distress).

Defendants cite to several cases in support of their proposition that the individual plaintiffs lack standing to bring an IIED claim against Cervantes. *See Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566 (Cal. 1973); *Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027 (Cal. Ct. Appl. 1988); *C & H Foods Co. v. Hartford Ins. Co.*, 163 Cal. App. 3d 1055 (Cal. Ct. App. 1984); *Austero v. Nat'l Cas. Co.*, 62 Cal. App. 3d 511 (Cal. Ct. App. 1976). Defendants' reliance on such cases, however, is misplaced because all of the cases cited did not involve an independent cause of action for IIED. Rather, the plaintiffs in those cases asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

For example, the court in *Austero* noted that "liability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith' may be had." 62 Cal. App. 3d at 516-17 (citing *Gruenberg*, 9 Cal. 3d at 576). Notably, the plaintiff in *Austero* sought damages for the defendants' refusal to pay disability benefits allegedly due to her husband under the insurance policy and for defendants' alleged breach of the implied covenant of good faith and fair dealing. 62 Cal. App. 3d at 514. Here, however, Drs. Toma and Petro do not assert claims for breach of contract or breach of the covenant of good faith and fair dealing. Rather, the corporate plaintiff Toma & Petros brings such claims, while the individual plaintiffs bring a claim for IIED. Thus, the cases cited by Defendants do not aid the Court in determining whether the individual plaintiffs have standing to sue Cervantes for IIED.

*Health Pro Dental Corporation v. Travelers Property Casualty Company of America* is particularly instructive due to the factual and legal similarities to the case at bar. 2017 WL 1033970 (C.D. Cal. Mar. 17, 2017). In *Health Pro*, plaintiffs Health Pro

Corp. and Dr. William Ginzburg, a dentist, brought an action against Travelers Casualty Insurance Co. and claim adjuster Michael Baker for breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, intentional interference with prospective economic relations, unfair competition, and conspiracy to defraud and interfere with prospective economic relations. *Id.* at *2. The lawsuit arose out of the insurance company's handling of the plaintiffs' loss claim due to significant water damage to the plaintiffs' dental office. *Id.* at *1. The defendants argued plaintiff Ginzburg lacked standing to sue for IIED on behalf of himself and the corporation because he was not named as an insured under the policy. *Id.* at *5. The district court concluded that Dr. Ginzburg did have standing because he sued for "injuries to himself." *Id.* at *7 (citing *Tan Jay Int'l., Ltd. v. Canadian Indem. Co.*, 198 Cal. App. 3d 695, 706 (Cal. Ct. App. 1988).³

Here, the Court is not persuaded that Drs. Toma and Petros lack standing to bring a claim for IIED. As mentioned above, Drs. Toma and Petros do not sue for breach of contract or breach of the implied covenant of good faith and fair dealing where an underlying contractual relationship is a prerequisite to bringing suit. Rather, the individual plaintiffs bring a claim for IIED based on injuries that they suffered individually. *See* Doc. No. 10 at 7. Defendants do not present, nor is the Court aware of, any binding authority supporting Defendants' argument that Drs. Toma and Petros cannot sue for IIED based on injuries they suffered. Accordingly, the Court concludes that the individual plaintiffs do have standing to assert their claim for IIED against Cervantes. *See Health Pro*, 2017 WL 1033970, at *7 n.8 ("Because Defendants fail to offer clear and convincing evidence that Ginzburg (as a shareholder) is not an insured under the Policy, *and because Ginzburg brings the IIED claim for injuries to himself*," Ginzburg had

---

³ Additionally, in viewing the facts in the light most favorable to the plaintiffs, the court also found sufficient evidence to support the inference that plaintiff Ginzburg was covered by the policy because he owned all of the shares in Health Pro. 2017 WL 1033970, at *7.

standing to assert an IIED claim) (emphasis added).

        ii.    <u>Intentional Infliction of Emotional Distress Claim</u>

A claim for IIED requires Plaintiffs to show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 820 P.2d 181, 202 (Cal. 1982) (citing *Davidson v. City of Westminster*, 649 P.2d 894, 901 (Cal. 1982)). To constitute "outrageous," the defendant's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citing *Davidson*, 649 P.2d at 901). Additionally, "[t]he defendant must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.'" *Id.* (citing *Davidson*, 649 P.2d at 901).

Here, in addition to the allegations outlined above, Plaintiffs allege Cervantes "falsely claimed the defendants were going to compensate the plaintiffs for the portion of the specialist office that was used to see patients from the flood location." Complaint ¶ 16. Cervantes "also represented that, in addition to the total loss at the flood location, the plaintiffs would be paid for the value of the treatment of the patients that were traveling to the specialist location from the Mission Valley location," but plaintiffs allege defendants did not provide any such compensation for the specialist location. Complaint ¶¶ 16-17. Plaintiffs allege Cervantes "continually evaded the dentists' request for an explanation of how lost business income would be calculated" in an attempt to "conceal[] an intent to . . . minimize the claim." Complaint ¶ 20. Finally, Cervantes "kept insisting upon oral communications so there would be no documentation of the defendants' position." Complaint ¶ 28. Cervantes only "provided a written explanation" after "repeated insistence by the plaintiffs." Complaint ¶ 28. As a result of such conduct, Drs. Toma and Petros allege they suffered severe emotional distress, damage to reputation, damage to their credit rating, the loss of patients, and were forced to expend "substantial

sums of money as a result of the need to prosecute a lawsuit arising from and related to the insurance policies and the financial damage being inflicted." Complaint ¶ 48.

In viewing these facts in a light most favorable to Plaintiffs, Drs. Toma and Petros fail to state a claim for IIED against Cervantes. The allegations supporting the individual plaintiffs' IIED claim are conclusory and fail to indicate which of Cervantes' alleged acts were extreme and outrageous. Plaintiffs argue that Cervantes' alleged acts, taken together, constitutes "extreme and outrageous" conduct. *See* Doc. No. 10 at 8-9. However, even considering Cervantes' alleged conduct in totality, Cervantes' alleged acts, as currently pleaded, do not rise to the level of extreme and outrageous conduct that goes "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Eng'g Inc.*, 2 Cal. 3d 493, 499 n.5 (Cal. 1970) (internal citations and quotation marks omitted).

"However, 'a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.'" *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). While some of Plaintiffs' allegations are presently stated in a conclusory manner, "the question is simply whether there is *any possibility* that [the] plaintiff will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000) (emphasis added); *see also Martinez v. Michaels*, 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) ("[E]ven where the allegations underlying an IIED claim appear to be relatively weak, courts generally do not find fraudulent joinder, given that the sufficiency of the plaintiff's factual allegations is of limited import in deciding a motion to remand attacking a removal based on fraudulent joinder."). Thus, "[i]f there is a possibility that the plaintiff could amend his pleading to state a cause of action against the allegedly sham defendant, then remand is warranted." *Rangel*, 200 F. Supp. 3d at 1034 (citing *Padilla*, 697 F. Supp. 2d at 1159).

1 | Here, although Plaintiffs fail to sufficiently allege a claim against Cervantes for
2 | IIED, Defendants have failed to meet their heavy burden of establishing that Plaintiffs are
3 | incapable of amending the Complaint to state a valid IIED claim. *See Hunter*, 582 F.3d
4 | at 1044 (remand is proper unless defendants can show the claim fails as a matter of law
5 | or can point to "undisputed facts that would preclude plaintiff's recovery against the in-
6 | state defendant"); *see also Health Pro Dental Corp.*, 2017 WL 1033970, at *7 (finding
7 | defendants failed to meet their burden because "any pleading deficiencies in Plaintiffs'
8 | Complaint regarding the IIED cause of action against Baker might be cured by
9 | amendment."); *Rangel*, 200 F. Supp. 3d at 1034 (noting "Defendants have failed to
10 | establish that Plaintiff would be precluded from amending his Complaint to allege
11 | additional facts establishing extreme and outrageous conduct"). Accordingly, the Court
12 | finds Cervantes is not a sham defendant.

### iii. The Court Lacks Subject Matter Jurisdiction

Removal was improper because this Court lacks subject matter jurisdiction over this action. As noted above, the Supreme Court has interpreted 28 U.S.C. § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc.*, 519 U.S. at 67-68. If the Court determines a non-diverse defendant has been fraudulently joined, the Court may disregard the non-diverse defendant for diversity jurisdiction purposes. *Hunter*, 582 F.3d at 1043.

Here, the diversity of citizenship requirement is not met because Drs. Toma and Petros and Cervantes are not diverse. Dr. Toma and Dr. Petros are "citizens of the State of California, residing within the County of San Diego." Complaint ¶ 2. In their notice of removal, Defendants concede Cervantes is a citizen of California. *See* Doc. No. 1 at 9. In light of the Court's conclusion that Cervantes is not a sham defendant, Cervantes' citizenship may not be disregarded for purposes of diversity of citizenship in this case.

Thus, because Cervantes is not diverse from Drs. Toma and Petros, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court **GRANTS** Plaintiffs' motion to remand.

## Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion to remand, and **REMANDS** this action back to state court. The Clerk of Court is instructed to terminate all pending motions, deadlines, and hearings.

**IT IS SO ORDERED.**

Dated: August 8, 2017

HON. MICHAEL M. ANELLO
United States District Judge